GARDNER BREWER & others *vs.* HANNAH STEVENS & others.

If land is devised in a will to certain persons, and trustees are directed, by a codicil to the will, to receive the rents for a certain number of years, the devisees have a sufficient title to enable them to maintain a writ of entry against a disseisor; and the existence of a lease of the land for years, made by the trustees, will not defeat such writ of entry.

A testator, being of opinion that his real estate was so situated that it would be likely to improve greatly in value, expressed in his will his wish that no part of it should be sold unless absolutely required for the payment of debts until at least ten years from the probate of his will; and then devised the same to certain persons, to be equally divided among them. By a codicil, he authorized his executors, for the purpose of carrying out the wish expressed in his will, to mortgage any part of his real estate, and directed that no part thereof should be divided or distributed until the expiration of the ten years, but that the whole thereof should be retained in the hands of the executors. No mortgage was made, but the executors executed a lease of certain real estate for one year. *Held*, that during the time covered by the lease, the devisees might maintain a writ of entry to recover the leased premises from a disseisor.

WRIT OF ENTRY, dated June 20th 1865, to recover a lot of land on Emerald Street, in Boston. Plea, *nul disseisin.*

At the trial in the superior court, before *Russell*, J., without a jury, the demandants claimed title as devisees under the will of Thomas Brewer, deceased, whose title to the premises was admitted. The material portions of this will, after giving to the widow, for life, the net rents, use and improvement of all the testator's estate, were as follows :

" *Third Item.* . . . . . And being of opinion that my real estate is so situated that it will be likely to improve greatly in value, it is my will, wish and desire that no part of my real estate be sold unless the same be absolutely required for the payment of debts, until the lapse of at least ten years from and after the probate of this my last will and testament.

" *Item Fourth* The residue and remainder of my estate, both real, personal and mixed . . . . . I do give, devise and bequeath the same to my sons, Gardner Brewer, Thomas Mayo Brewer and John Reed Brewer, and to my daughters, Katharine Dorcas Brewer, Elizabeth Haskins Brewer, and Abby Jane Storer, wife of Dr. Humphrey Storer of said Boston, physician, (three sons and three daughters,) to be equally divided between them, to

them and to their several and respective heirs, executors, administrators and assigns forever."

A codicil to the will contained the following provisions:

" *Second.* For the purpose of better enabling my executors to carry into effect the instructions contained in the second clause of said ' Third Item,' respecting the sale of my real estate, I do hereby authorize and empower them, whenever any mortgage debt shall become due, either to procure a renewal and extension of the same, or for the purpose of paying the same to negotiate a new mortgage on any part of my real estate, as they shall deem most for the advantage of my estate and of all interested therein.

" *Third.* As to all the residue and remainder of my estate, described in ' Item Fourth' of my said will, my will is that, notwithstanding anything in said ' Item Fourth,' or in any other part of my said last will contained, no part of the said residue and remainder shall be divided or distributed until the expiration of the ten years specified in the second clause of said ' Third Item,' but that the whole thereof, including all rents and income of every kind, shall be retained in the hands of the executors, the better to enable them to pay any mortgage or other debt that may fall due ; any surplus, which they may deem it unnecessary or inexpedient to retain for such purpose, to be paid by them to my said wife, Abigail Brewer, the same to constitute the ' net rents, use and improvements of all my estate,' which by the ' Second Item ' of my last will are given, devised and bequeathed to her."

The share devised in the will to Thomas M. Brewer was revoked, and given instead to a trustee for his benefit, with directions, in case he should die or become incapable to support his family before the final division of the estate, to pay such sums as might be deemed necessary for the support of his family.

The testator's widow died before the commencement of this action. The tenants put in evidence a lease of the demanded premises made by the executors to Eliza Keene, dated December 1st 1864, for one year; and proved that the lessee on January 11th 1865 served upon one of the tenants in this action a notice

of the lease, and demanded possession of the premises, but failed to obtain the same, and on the 14th of the same January commenced a process to recover possession of the premises in the police court of Boston, in which suit the defendant prevailed.

The tenants contended that the demandants could not maintain this action, because by the will and codicil the right of possession of the demanded premises did not vest in them at the date of the writ, but was in the executors ; and that the making of the lease to Eliza Keene divested the demandants of any right of possession during the term thereof. But the judge ruled otherwise.

The tenants claimed an allowance for betterments; but the judge found that they did not hold the premises under a title which they had reason to believe good, and that they were not entitled to any such allowance ; and he found for the demandants. The tenants alleged exceptions.

*H. W. Muzzey,* for the tenants.

*J. D. Ball,* for the demandants.

Hoar, J. Under the will and codicil of Thomas Brewer, the executors took only an estate for years, and the demandants, subject to a life estate of the widow, took the fee in the premises demanded in this action. By the will, no title in the real estate passed to the executors. By the codicil, in order the better to effectuate the intention expressed by the testator in his will, that his real estate should not be sold for ten years, he directed the executors to retain the whole of the estate, and to pay to his widow only such parts of the income as they should not think it necessary to appropriate to the payment of debts. He gave them power to mortgage the estate during that term ; and directed them, in a certain event, to apply a part of the income to the support of the family of one of his sons. We can find in these provisions no implication that the estate of the executors should continue more than ten. years, and it is not expressly limited in any other manner.

The rule of law is well settled, that where trustees are directed to receive and apply profits of land for a limited time only, and there is no express limitation of their estate, they take a lega.

estate for that time, and no longer. *Fay* v. *Taft*, 12 Cush. 448, and cases there cited. The rule is fully considered and stated in *Doe* v. *Simpson*, 5 East, 162. Where the purposes of a trust can be answered by a less estate than a fee simple, a greater interest than is sufficient to answer such purpose shall not pass. *Manning's case*, 8 Co. 96. Co. Litt. 42 *a.*

It then appears that, when this action was brought, the demandants, as residuary devisees, were owners of the fee, the life estate of their mother having terminated by her death, and the executors holding the unexpired estate for years. The power to mortgage, which the codicil gave to the executors, not having been exercised, does not affect the title now in controversy.

To the writ of entry brought by the demandants, the tenants pleaded *nul disseisin*, and the trial was simply upon that issue. The tenants proved no title whatever to the land in themselves; and relied in defence wholly upon the facts, 1st, that there was an estate in the executors when the action was commenced; and, 2dly, that a lease for one year had been made by the executors to one Eliza Keene, who had demanded possession under it, but had not entered, which lease had not expired at the date of the writ. Under their plea they could not deny their own seisin and holding of the premises. Not proving that these were rightful, they could only defend by controverting the seisin of the demandants.

It is now argued for the tenants that the action could not be maintained, because the demandants had no right of entry upon the demanded premises. It was undoubtedly competent for them to disprove the demandants' seisin, if they could. But proof of a tenancy for years in a third person does not disprove it. The demandants were the only persons seised of a freehold, and therefore the only parties in interest who could maintain a real action. A tenant for years has no seisin. But by Gen. Sts. *c.* 134, § 3, it is provided that no writ of entry "shall be maintained unless the demandant has at the time of commencing the same a right of entry into the premises."

The answer to this is, that the demandants had a right of entry, in the sense in which that term is used in the statute. It

does not mean the right of possession as between landlord and tenant for years, but the right to go upon the land for the purpose of regaining the seisin. Thus it is said that a right of entry in the lessor is necessary to maintain the action of ejectment. Stearns on Real Actions, 55. The possession of a tenant for years is the possession of his landlord. Until the reign of Edward III. a lessee for years ousted by a stranger had no remedy by which to recover his estate, but to apply to his lessor *to bring* a real action to recover back the seisin of the freehold from the trespasser; and then the lessor having obtained the seisin, the tenant's right to have his term again attached, and it became revested in him. Smith on Land. & Ten. 10. And as between the owner of the fee and the disseisor, the right of entry accompanies the lawful seisin ; the disseisin having ousted and dispossessed the tenant as well as the landlord ; and the entry operating to restore the rights of both. The demandants' seisin undoubtedly gave them a right of entry, carrying with it the right of possession, against all persons except the tenants for years. But the tenants for years had been dispossessed by the disseisin ; and so no possession of theirs could be violated by the demandants' entry. And there are authorities for the doctrine that the owner of the reversion has a right of entry on a tenant for years, without dispossessing him, as to view in respect of waste, to demand rent where a rent is reserved, to repair or the like, without any express reservation, though it is usual expressly to reserve this right in leases. Bro. Ab. Tresp. 97. *Hunt* v. *Dowman,* Cro. Jac. 478.

The sub-lease to Mrs. Keene stands on the same ground, with the additional objection that in her case there had been no entry made under it, and that she had therefore no possession even sufficient to maintain trespass against a wrongdoer.

The tenants' claim for improvements or betterments is concluded by the finding of the court, as a fact, that the tenants did not hold the premises under a title which they had reason to believe good. We cannot revise this finding. It does not ever appear that all the facts upon which it was made are reported. If they are, it would seem that the tenants did not understand

that they entered or held under any title, but under a parol con-
tract which could not be enforced. This point, however, is not
open. *Exceptions overruled.*